PENNSYLVANIA GLASS AND MANUFACTURING COMPANY, a Corporation, Respondent, *v.* SAMUEL DENMARK, Appellant.

Supreme Court, Appellate Term, First Department, May 21, 1925.

Bankruptcy — composition agreement — action on check given creditor of bankrupt under composition agreement — check issued by referee in bankruptcy as agent — bankrupt liable.

A bankrupt, whose referee in bankruptcy delivered a check to the plaintiff, a creditor, under a composition agreement, is liable in an action by said creditor for the amount of the check, since the referee acted as an agent for the bankrupt in distributing the amounts agreed upon under the composition agreement.

MITCHELL, J., dissents.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, entered in favor of plaintiff, after trial by the court without a jury.

*Sydney D. Robins*, for the appellant.

*Levy & Levy* [*Ellis V. Levy* of counsel], for the respondent.

8

PER CURIAM:

Defendant was in bankruptcy. He made an offer of composition to his creditors, which was confirmed. Pursuant to the offer he deposited $19,000 with the referee for the purpose of paying the agreed amount to the creditors. The referee delivered to plaintiff the check in suit, for the proper amount, as a creditor under the composition agreement. Before the check was paid, the surplus moneys in the deposit account with the referee were returned to the bankrupt, and this check being unpaid plaintiff sues the bankrupt thereon.

Aside from the legal questions directly involved, there can be no doubt that substantially plaintiff is entitled to recover this amount from defendant. It would be an idle form to remit the plaintiff to another form of action, if there is any proper legal theory upon which the recovery here allowed can be sustained.

In issuing checks under a composition agreement, the referee in bankruptcy acts in several capacities. Certainly one of those capacities is as agent for the bankrupt in distributing the agreed amount among the creditors. The bankruptcy court will not confirm a composition until the bankrupt has made with the referee a sufficient deposit to pay the creditors the agreed amount, and the practice is for the referee then to draw checks to the creditors for their *pro rata* shares. The obligation to pay these checks to the bankrupt's creditors is on the bankrupt under his composition agreement and we hold, therefore, that he is liable on the check.

Judgment affirmed, with twenty-five dollars costs.

BIJUR and PROSKAUER, JJ., concur; MITCHELL, J., dissents.